UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

YOLANDA YOUNG, ET AL.              CIVIL ACTION NO. 6:12-cv-02551

VERSUS                            JUDGE DOHERTY

LOUIS ACKAL, ET AL.               MAGISTRATE JUDGE HANNA


**ORDER**


In this lawsuit, which asserts civil rights claims under 42 U.S.C. § 1983, the plaintiffs sued Iberia Parish Sheriff Louis Ackal and two deputy sheriffs.  An answer was filed on behalf of Sheriff Ackal and Deputy Carmen Garcia, in which a qualified immunity defense was pleaded.  (Rec. Doc. 5).  The undersigned ordered the plaintiffs to file a reply to the defendants' answer, pursuant to Fed. R. Civ. P. 7(a). (Rec. Doc. 11).  Counsel for the plaintiffs requested that their proposed first amended complaint (Rec. Doc. 12) be considered as the Rule 7(a) reply.  Accordingly, the undersigned has construed the proposed first amended complaint as the plaintiffs' reply to the qualified immunity defense.

The "first cause of action" set forth in the amended complaint does not allege any acts or omissions on the part of Deputy Broussard or Deputy Garcia.  It alleges only that Sheriff Ackal dispatched deputies to the site where tear gas was allegedly used.  The deputies who were at the scene are not identified.

The "second cause of action" concerns "[t]he Deputies' actions in disbursing the Plaintiffs."  (Rec. Doc. 12 at 8).  At first blush, it would appear that the phrase "the Deputies" refers to the defendants, Deputy Broussard and Deputy Garcia.  However, the phrase "the Deputies" is used later in the amended complaint to refer to deputies other than Deputy Broussard and Deputy Garcia.  Therefore, it is not possible to determine whose actions are being complained of in the "second cause of action."

The "third cause of action" concerns alleged improper training, oversight, control, and equipping sheriff's deputies.  It is alleged that Sheriff Ackal, Deputy Broussard, and Deputy Garcia are responsible for training, equipping, controlling, and having oversight over "the deputies."  (Rec. Doc. 12 at 10).  Again the identity of "the deputies" is not set forth in the complaint.

The "fourth cause of action" alleges that Sheriff Ackal, Deputy Broussard, and Deputy Garcia are liable to the plaintiffs under a theory of respondeat superior.

The first amended complaint does not precisely set forth what each individual defendant is alleged to have done on the days in question that allegedly violated the plaintiffs' constitutional rights.  Furthermore, despite the directive in the undersigned's order (Rec. Doc. 11), the plaintiffs did not address the reasons that the asserted defense of qualified immunity is inapplicable.  However, the undersigned

finds that the amended complaint asserts facts that raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts.

The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit.[1]  Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.[2]  A qualified immunity defense is analyzed under a two-step process.  First, the court determines whether the plaintiff has alleged the violation of a clearly established constitutional right under currently applicable constitutional standards; then, if so, the court considers whether the defendant's conduct was nevertheless objectively reasonable.[3]

The Fifth Circuit has long held that the assertion of qualified immunity shields government officials from *some* discovery.[4]  In *Schultea v. Wood*,[5] the Fifth Circuit considered in detail the interworkings of pleading, the discovery process, and public

---

[1]     *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985).

[2]     *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 532–33 (5th Cir. 1997) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[3]     *Id.* at 533.

[4]     *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).

[5]     47 F.3d 1427, 1432 (5th Cir. 1995) (*en banc*).

officials' assertion of the qualified immunity defense and confirmed that qualified

immunity places limits upon a plaintiff's access to the discovery process and imposes

pleading requirements stemming from Fed.R.Civ.P. 7(a).  The *Schultea* court held

that when a plaintiff asserts a Section 1983 claim against a public official who asserts

qualified immunity,

> [T]he court may, in its discretion, insist that a plaintiff file
> a reply tailored to an answer pleading the defense of
> qualified immunity.  Vindicating the immunity doctrine
> will ordinarily require such a reply, and a district court's
> discretion not to do so is narrow indeed when greater detail
> might assist.  The district court may ban discovery at this
> threshold pleading stage and may limit any necessary
> discovery to the defense of qualified immunity.  The
> district court need not allow any discovery unless it finds
> that plaintiff has supported his claim with sufficient
> precision and factual specificity to raise a genuine issue as
> to the illegality of defendant's conduct at the time of the
> alleged acts.  Even if such limited discovery is allowed, at
> its end, the court can again determine whether the case can
> proceed and consider any motions for summary judgment
> under Rule 56.[6]

Thus, "[e]ven limited discovery on the issue of qualified immunity 'must not proceed

until the district court first finds that the plaintiff's pleadings assert facts which, if

true, would overcome the defense of qualified immunity.' "[7]

---

[6]      *Schultea*, 47 F.3d at 1433–34 (emphasis added).

[7]      *Vander Zee*, 73 F.3d at 1368–69 (quoting *Wicks v. Mississippi State Employment Serv.*, 41
F.3d 991, 994 & n. 10 (5th Cir. 1995)).

-4-

Determination of the qualified immunity issue requires evaluation of (1) whether the plaintiffs have alleged a violation of a clearly established constitutional right under currently applicable constitutional standards, and (2) if so, whether the defendant's conduct was nevertheless objectively reasonable.  Both of these prongs of the qualified immunity analysis require precise pleading and discovery concerning the precise conduct alleged to constitute the constitutional violation and/or the allegedly objectively reasonable conduct.

Applying *Schultea*, therefore,

IT IS ORDERED that the plaintiffs are granted to leave to file their first amended complaint..

IT IS FURTHER ORDERED that discovery in this action is limited, at the current time, to that which is necessary to address qualified immunity.  More specifically, discovery is limited to Sheriff Ackal's qualified immunity with regard to the "first cause of action," is limited to Deputy Broussard's and Deputy Garcia's qualified immunity with regard to the "second cause of action."  Discovery is limited to that necessary to address the qualified immunity of all three defendants with regard to the "third cause of action" and the "fourth cause of action."

Furthermore, to assure that the qualified immunity issue can be expeditiously addressed in the manner contemplated by *Schultea*,

-5-

IT IS FURTHER ORDERED that:

(1)     Discovery may proceed insofar as it relates only to the qualified immunity issue.  All other discovery is stayed until such time as defendants' qualified immunity motion is determined by the Court.

(2)     Not later than September 15, 2013, defendants must file their motion for summary judgment based upon qualified immunity.

(3)     If the defendants fail to file their qualified immunity motion by September 15, 2013, the partial stay of discovery contained herein is automatically lifted without further order of the Court.

Signed at Lafayette, Louisiana on this 12th day of June 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE